MEMORANDUM **
Patricia Garcia appeals the district court’s judgment affirming the Commissioner of Social Security’s denial of Garcia’s applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Garcia contends that the administrative law judge (“ALJ”) erred in *715 giving little weight to the medical 'opinion of examining physician Dr. Montgomery. We have jurisdiction under 28 U.S.C. § 1291. We review the district court’s order de novo, Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.
The ALJ provided specific and legitimate reasons for giving very little weight to Dr. Montgomery’s contradicted opinion that Garcia could not use her upper left extremity. First, the ALJ reasonably found that Dr. Montgomery’s opinion was unsupported by his clinical findings showing that Garcia had some reduced range of motion, but not a complete inability to use her left arm in a work environment. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (noting that when an ALJ is evaluating conflicting medical opinions, the ALJ need not accept a medical opinion that is inadequately supported by clinical findings). Second, the ALJ properly gave little weight to Dr. Montgomery’s opinion because his opinion appeared to rely upon Garcia’s subjective complaints, which the ALJ found were not credible, and Garcia does not challenge this finding on appeal. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may reject a medical opinion relying upon a claimant’s self-reporting that was properly discounted as not credible).
Garcia’s remaining contentions concerning the ALJ’s rejection of Dr. Montgomery’s opinion lack merit.
Accordingly, substantial evidence supports the ALJ’s determination that Garcia was not disabled within the meaning of the Social Security Act.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir, R. 36-3.